# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN BALTSAS,<br><br>            Plaintiff,<br><br>   v.<br><br>PFIEFFER, *et al.*,<br><br>            Defendants. | Case No. 1:24-cv-01278-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 1, 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Evan Baltsas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 20, 2025, the Court screened the complaint and found that Plaintiff stated a cognizable claim against Defendant D. Nunez for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendant. (ECF No. 7.) The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court. (*Id.*) On May 5, 2025, Plaintiff notified the Court that he does not wish to file a first amended complaint, and wishes to proceed on the claim against Defendant D. Nunez for excessive force in violation of the

Eighth Amendment.  (ECF No. 8.)

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A. Allegations in Complaint

Plaintiff is currently housed at California Medical Facility in Vacaville, California. Plaintiff alleges the events in the complaint occurred while he was housed at Wasco State Prison. Plaintiff names as defendants: (1) Christian Pfieffer, Warden at Wasco State Prison, (2) J. Mariscal, Corrections Officer, (3) D. Nunez, Corrections Officer, (4) R. Garcia, Corrections Officer, (5) A. Aguirre, Corrections Officer, (6) Rios, (7) Mullen, Licensed Vocational Nurse, (8) Villanueva, Registered Nurse.

///

2

Plaintiff alleges a violation of the Eighth Amendment.  On June 24, 2024, Plaintiff was in the dormitory at Wasco Reception where he was speaking with his girlfriend via telephone.  His girlfriend told Plaintiff of Plaintiff's aunt's passing.  His girlfriend said that Plaintiff needed to call his mother because she was very sad.  After the phone call, Plaintiff approached staff about consoling his grieving mother.  They told Plaintiff it was shift change and Plaintiff must wait until next shift when Ms. Ochoa would be there.  Plaintiff agreed and waited.  When she arrived, Plaintiff told her of the situation and asked to see about calling his mother.  She said NO! Go back to your rack! Plaintiff persisted and informed her his mental state was deteriorating and needed to speak with a sergeant or lieutenant.  She asked if Plaintiff was suicidal, and he responded those are your words, please call someone.  She told Plaintiff to sit at the dayroom table.

Four officers arrived, J. Mariscal, D. Nunez, R. Garcia, and A. Aguirre.  J. Mariscal said to Plaintiff, "Hey why don't you come outside and talk about this."  Plaintiff followed and they walked outside and down a corridor.  There was one officer behind Plaintiff and three ahead of him.  Plaintiff asked if he could call his mom.  Officer D. Nunez behind Plaintiff said, "no and to shut up and keep walking."  Plaintiff stopped and turned around and said "What? Why?" and then said take me to the hole.  Mid-sentence, he grabbed the back of Plaintiff's head and slammed it into the fence.  Plaintiff started bleeding.  The officers then put Plaintiff on the ground and handcuffed his hands first, then his legs.  Plaintiff did not resist.  Blood was dripping down his face and into his mouth.  "I freaked out."  D. Nunez asked Plaintiff why Plaintiff was giving Ms. Ochoa a hard time.  The other officers were bending Plaintiff's feet and fingers and causing Plaintiff extreme pain. Plaintiff was being tortured and he screamed in agony.  Plaintiff was saying f*** you and I am going to sue you.  Nunez said, "we have the badges, who do you think the[y are] going to believe."  They continued to put extreme pressure on Plaintiff's feet, legs, and fingers.  D. Nunez said that Plaintiff had 2 options, One, get up go back to the dorm and shut up. Or, two, "you know what two is."  Plaintiff was so emotionally damaged all Plaintiff said was no and f*** you.  Plaintiff was so stunned and shaken.  Then Plaintiff felt hard pressure on the back of his neck.  He could hardly breathe and started screaming I can't breathe. Plaintiff heard the

3

1  same voice say shut up.  You[ are] not George Floyd.  They all started to laugh at Plaintiff.
2  Plaintiff felt helpless and excruciating pain on his fingers and feet.  Then someone was punching
3  his side repeatedly.  Plaintiff went numb and he started crying.  Plaintiff believes at this point the
4  officers started to feel bad for Plaintiff.  They had beaten Plaintiff and tortured him and all
5  Plaintiff wanted was to cry to his mom about his favorite aunt passing.
6        They then picked him up and took him to a stand up cage.  They took the cuffs off of his
7  legs and arms.  It took some time for the blood to flow back properly.  They had him stripped
8  down to his boxers.  They were doing a medical assessment of his injuries.  Plaintiff remembers a
9  black woman asking if Plaintiff had anything to say.  He said yes, they beat me.  She shook her
10 head and walked away.
11       Plaintiff asked if they would take pictures of his injuries and they did not respond and they
12 said no.  J. Mariscal said he was not sure what they were going to do with Plaintiff yet.  He said
13 Plaintiff turned on a cop and that's an assault on a peace officer.  He said he was not going to get
14 new charges because the DA doesn't pick up assaults.  They took Plaintiff to Ad-seg, the hole,
15 where Plaintiff spoke with a psychologist named Barba.  She believed Plaintiff and told him to
16 file a grievance and saw Plaintiff's bloodied face.
17       Plaintiff is suing all four officers for racial injustice and excessive force.  He is suing the
18 medical staff for medical negligence and malpractice.  The RN and LVN did not report Plaintiff's
19 injuries properly and performed a false 7219 indicating that Plaintiff had caused self-injury.  They
20 refused to document Plaintiff injuries based on being battered by fellow officers.  J. Mariscal lied
21 and said Plaintiff has scraped Plaintiff's forehead when he took Plaintiff to the ground as the
22 reason for the bleeding.  Staff claimed Plaintiff was banging his head on the cage causing self-
23 injury.  That is a coverup.  Plaintiff claims he is being racially targeted because he is white, and
24 the four officers are Hispanic.
25       As remedies, Plaintiff seeks damages.
26       **B.**    **Discussion**
27       Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to
28 state a cognizable claim for relief, except as noted below.

### 1. Federal Rule of Civil Procedure 8 and Linkage

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is relatively short, but it is not a plain statement of his claims. While it identifies the specific claims, the allegations are conclusory as to what happened and who was involved. Plaintiff must clearly state factual support for what happened, when it happened, and who was involved. Plaintiff uses the word "they" and "officers" when describing what happened to him and it is unclear which defendants went with him and engaged in harm. Plaintiff does not allege what the LVN and RN did or did not do to violate his rights.

In addition, Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Plaintiff must link each defendant to purported constitutional violations. For instance, Plaintiff fails to link Rios to any wrongful conduct.

### 2. Supervisory Liability

Insofar as Plaintiff is attempting to sue Defendant Warden, or any other defendant, based on his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

///

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

Here, Plaintiff has failed to establish that Defendant Warden, or other supervisor, participated in or directed any constitutional violation or that he implemented a policy so deficient that it was the moving force of any constitutional violation.

### 3.    **Eighth Amendment**

#### a.    Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6–7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological

6

1  interest in maintaining security and order, the court must be deferential to the conduct of prison
2  officials. *See Whitley*, 475 U.S. at 321–22. Not "every malevolent touch by a prison guard gives
3  rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the
4  constitution provided that the use of force is not of a sort "repugnant to the conscience of
5  mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97,
6  106 (1976).

7  Plaintiff states a cognizable excessive force claim against D. Nunez. Plaintiff may be able
8  to state a cognizable claim against J. Mariscal, R. Garcia, and A. Aguirre. But as currently plead,
9  the complaint is not clear if each of the defendants engaged in force against Plaintiff because he
10 refers to "officers" and "they" and not which officer engaged in force. If each officer engaged in
11 force, Plaintiff should identify which officer engaged in what force, to the extent he is able to do
12 so.

13                    b. <u>Failure to Protect</u>

14 A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials
15 only where the officials acted with "deliberate indifference" to the threat of serious harm or injury
16 to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *see also*
17 *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor
18 that prisoner is snitch may state claim for violation of right to be protected from violence while in
19 state custody), or by physical conditions at the prison. The official must both be aware of facts
20 from which the inference could be drawn that a substantial risk of serious harm exists, and he
21 must also draw the inference. *See Farmer*, 511 U.S. at 837. Mere negligent failure to protect an
22 inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835.

23 It is unclear from the allegations if Plaintiff is claiming that any defendant failed to protect
24 Plaintiff during the beating or if Plaintiff is alleging all officers engaged in the beating.

25                    c. <u>Deliberate Indifference to Medical Care</u>

26 A prisoner's claim of inadequate medical care does not constitute cruel and unusual
27 punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of
28 "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

7

2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent."  *Jett*, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm.  *Jett*, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference.  *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at 106; *see also Anderson v. Cty. of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference."  *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d at 242, overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012)) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and

that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to include any facts that he was denied or delayed medical care and who was responsible for denying or delaying needed care.

### 4.     Fourteenth Amendment – Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071,1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oreg. Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

The Court finds that Plaintiff has not stated a cognizable equal protection claim. Plaintiff does not allege that he was discriminated against because of his membership in any protected class. He also does not allege that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. While Plaintiff speculates that the attack was racially motivated because he is a white man and the officers were Hispanic, there are not facts to support this conclusory assertion.

### 5.     State Law Claims

To the extent Plaintiff also alleges violations of California law, Plaintiff is informed that the California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde),* 32 Cal. 4th 1234, 1239

1  (Cal. 2004); *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007).  To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal. 4th at 1244.  "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a complaint to general demurrer for failure to state a cause of action." *Bodde*, 32 Cal. 4th at 1239.

Plaintiff does not allege that he has complied with the Government Claims Act.

### 6. False Accusations

Plaintiff may be claiming violations for being falsely accused of wrongful conduct or false medical reports.

Prisoners do not have a liberty interest in being free from false accusations of misconduct.  The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2–3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").  Plaintiff fails to state a claim for the purportedly false accusations.

Likewise, false medical reports do not give rise to a cognizable claim. *Evans v. Diaz*, No. 1:22-CV-00291 ADA BAM PC, 2022 WL 17417816, at *12 (E.D. Cal. Dec. 5, 2022) (failure to state a claim for fabricated medical reasoning in medical report); *Martin v. Pfeiffer*, No. 1:22-CV-00889 AWI BAM PC, 2022 WL 4345686, at *8 (E.D. Cal. Sept. 19, 2022), report and recommendation adopted, No. 1:22-CV 00889 AWI BAM PC, 2022 WL 17406535 (E.D. Cal. Dec. 2, 2022) (Plaintiff's complaint fails to state a claim based on allegations of a false medical

injury report); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 1172911, at *7 (E.D. Cal. Mar. 29, 2021) (denying a claim alleging falsified medical report and statements made by Plaintiff), denying to adopt on other grounds, *Sanford v. Eaton*, No. 1:20-CV00792-JLT BAM(PC), 2022 WL 168530, at *2 (E.D. Cal. Jan. 19, 2022). False charges or false medical information are not cognizable claims.

### III.    Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant D. Nunez for excessive force in violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed October 21, 2024, (ECF No. 1), against Defendant D. Nunez for excessive force in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

///
///
///
///

**number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 7, 2025**          /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE