# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN BALTSAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PFIEFFER, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:24-cv-01278-JLT-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 22) |

　　　　Plaintiff Evan Baltsas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's complaint against Defendant D. Nunez for excessive force in violation of the Eighth Amendment.  Defendant D. Nunez answered the complaint on September 22, 2025.  (ECF No. 18.)  The case has been referred to post-screening ADR and is currently set for a settlement conference on January 7, 2026.  (ECF No. 20.)

　　　　Currently before the Court is Plaintiff's motion for the appointment of counsel, filed on October 21, 2025.  (ECF No. 22.)  Plaintiff requests the Court appoint him a lawyer under "exceptional circumstances," due to his lack of "federal court law knowledge."  (*Id.*)  Plaintiff alleges that four officers beat him while he was face down in handcuffs, he did not know how to proceed against actions he could not clearly see, and he "only pursued against the one [he] saw."  (*Id.*)

1

1    Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand,* 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners with limited legal training or understanding of the law.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff has stated a cognizable claim, this does not mean that Plaintiff will prevail at trial. Further, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 22), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 22, 2025**          /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE